**PLAINWELL PAPER COMPANY, INC., a corporation, Plaintiff,**

v.

**PRAM, INC., a corporation, Defendant.**

**Civ. A. No. 76–86.**

United States District Court, W. D. Pennsylvania.

May 6, 1977.

Foster S. Goldman, Jr., Pittsburgh, Pa., for plaintiff.

John E. Hall, Frederick N. Egler, Pittsburgh, Pa. (represented plaintiff on counter-claim), for defendant.

## OPINION

WEBER, Chief Judge.

The plaintiff, Plainwell Paper Co., Inc., has moved for partial summary judgment in its favor as to that portion of the counterclaim of Pram, Inc., that is based on § 402A of the Restatement of Torts, Second. Pram has filed an affidavit opposing summary judgment and supplied the court with a brief in support of its position.

Initially, it must be noted that summary judgment is never warranted except on a clear showing that no genuine issue of any material fact remains for trial after considering the pleadings and proof in the form of depositions, affidavits and admissions on file. In considering a summary judgment motion, the court must resolve all inferences and issues of credibility in favor of the nonmoving party. *Suchomajcz v. Hummel Chemical Co.*, 524 F.2d 19 [3d Cir., 1975].

In the present action, neither party disputes the fact that no injuries to persons or other property of the defendant occurred. The allegedly defective electrobase stock paper supplied by Plainwell to Pram, itself, was not destroyed. Rather, Pram alleges the paper was rendered unmerchantable and unfit for its intended use in the photocopying process since odor problems developed in the finished product due to high penetration levels of solvents, exceeding specifications previously agreed to by the parties. Admitting all these facts regarding the quality of the paper against Plainwell, as a matter of law, summary judgment as to that part of the claim resting on § 402A must be granted.

Since 1966, § 402A of the Restatement of Torts, Second, has served as the law in Pennsylvania of strict liability of a seller of a product causing injury to a user or consumer or their property. *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 [1966]. In parts relevant to the present action, § 402A states:

"One who sells any product in a defective condition *unreasonably dangerous* to the user or consumer or to his property is subject to liability for *physical harm* thereby caused to the ultimate user or consumer, or to his property. . . ." (emphasis added)

Here, only "economic harm" is alleged by Pram. As a result of plaintiff selling allegedly defective, unmerchantable, unfit and non-conforming paper, Pram contends in its counterclaim that it suffered substantial commercial losses in: testing the product to determine the source of the objectionable odor; modifying production procedures in order to accommodate the defective paper; lost profits due to the inability to fill orders since production was curtailed; settlement of claims arising out of the defective materials; cessation of business with regular customers due to delays and an unsatisfactory product; and, irreparable damage to Pram's reputation and goodwill. No "physical harm" is alleged, i. e. damage or injury to user or consumer of the paper or destruction of the paper itself.

Pram, in its brief, cite a New Jersey Supreme Court case, *Santor v. A and M Karagheusian, Inc.*, 44 N.J. 52, 207 A.2d 305 [1965], for the proposition that § 402A is applicable when only economic harm is alleged. No Pennsylvania cases can be found to support this extension of § 402A. Plaintiff submits that *Santor* is a logical extension of § 402A and since Pennsylvania courts give the provisions of § 402A liberal construction, they would sanction the application of *Santor* in this instance. We disagree with the contention of the defendants

and find that mere diminution in the value of an article sold will not support the liability of a seller under § 402A.

*Posttape Associates v. Eastman Kodak Co.*, 537 F.2d 751 [3d Cir. 1976], a case arising under Pennsylvania law, involved a situation similar to the one *sub judice.* In *Posttape*, plaintiff film producers brought an action against Kodak alleging breach of warranty, negligence and strict liability under § 402A, claiming damages for increased costs of production and lost profits because of defective film. Plaintiff had used Kodak film in shooting scenes for a documentary and sent it to an approved Kodak-developer. During the developing process, scratches appeared on the film which made it commercially worthless. As a result, Posttape was required to reshoot the scenes but not before another film of the same genre was released by another producer, well received by the public and amassing large profits. At trial, the jury, in answers to special interrogatories, found that, *inter alia*, the film had been in a "defective condition unreasonably dangerous to the property of plaintiff (including the film itself) at the time of its delivery to plaintiff . . . ." 537 F.2d at 754. In discussing that aspect of liability premised on § 402A, the Circuit Court found the "unreasonably dangerous" requirement of § 402A still viable in Pennsylvania, *See Bair v. American Motors Co.*, 535 F.2d 249 [3d Cir. 1976] (Per Curiam), interpreting *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893 [1975]. Noting that Kodak's motion for judgment n. o. v. should have been granted the court stated:

> "The flaw in the film in no way made it a threat to person or tangible property. The product was defective and did not perform as expected, but by no stretch of the imagination could it be considered 'unreasonably dangerous.' There was no evidence from which a jury could reach that conclusion, and the trial court erred in submitting the question of § 402A liability." 537 F.2d at 755.

In discussing whether the seller properly limited the amount of damages it must pay notwithstanding a finding of negligence, the Circuit Court in *Posttape* recognized that in commercial sales transactions, at least those in which no personal or physical property damage is involved, the Uniform Commercial Code plays a predominate role in governing the relationships between buyer and seller. Since the parties in *Posttape* fell into this category, the court turned to the Code for guidance, realizing the problems engendered by the overlapping of tort and sales principles.

> "Typical of the controversy generated by this propinquity is the lively scholarly debate about the proper scope of § 402A of the Restatement (Second) of Torts as opposed to the provisions of the Uniform Commercial Code. The superiority of § 402A to compensate the average consumer for personal injury or property damage from a defective product is commonly acknowledged. However, there is considerably less enthusiasm for its application in a commercial setting when the damages are consequential and arise from a non-dangerous impairment of quality of the product. In this context, even Chief Justice Traynor, an ardent advocate of § 402A under other conditions, has favored the provisions of the Uniform Commercial Code. *See Seely v. White Motor Co.*, 63 Cal.2d 9, 45 Cal.Rptr. 17, 403 P.2d 145 [1965]. *Accord*, Titus, *Restatement (Second) of Torts Section 402A and the Uniform Commercial Code*, 22 Stan.L. Rev. 713 [1970]; Speidel, *Products Liability Economic Loss and the UCC*, 40 Tenn. L.Rev. 309 [1973]. A contrary view was espoused by the New Jersey Supreme Court in *Santor v. A and M Karagheusian, Inc.*, 44 N.J. 52, 207 A.2d 305 [1965]. Pennsylvania has not yet made its position clear. *See Kassab v. Central Soya*, 432 Pa. 217, 246 A.2d 848 [1968]; *Miller v. Preitz*, 422 Pa. 383, 221 A.2d 320 [1966]. Murray, *Pennsylvania Products Liability: A Clarification of the Search for a Clear and Understandable Rule*, 33 U.Pitt.L. Rev. 391 [1972].

> The *Erie* light is not always a bright one and at times we must tread in uncertainty. But having come to a fork in the

road, we must make a choice, though the signs may be difficult to read. The Code is there to be seen and we think the Pennsylvania courts would turn toward it were they deciding the case *sub judice.*" 537 F.2d at 755–756.

The decision in *Posttape* controls the present action. The plaintiff cannot be held liable on the basis of strict liability in tort for the defendant's commercial losses in connection with the failure of the electrobase stock paper to conform to technical specifications, thereby resulting in commercial loss to the defendants. Defendant's action is one sounding in breach of contract rather than strict liability in tort which is limited to physical harm to person or property without being applicable to commercial losses beyond the extent of such harm. The Uniform Commercial Code provides the proper framework in which to bring this action, not § 402A.

## ORDER

AND NOW this 6th day of May, 1977, Plaintiff's Motion for Partial Summary Judgment as to that portion of defendant's counterclaim resting on § 402A of the Restatement of Torts, Second, is hereby GRANTED, and the defendant's cause of action is limited to the contract claim.