## GAF Corp. v. Kennedy Van Saun Corp.

*Ann Pepperman*, for plaintiff.
*Charles J. McKelvey*, for defendant.

SPICER, *P.J.*, August 1, 1980—Plaintiff has brought a suit in assumpsit and in trespass arising from the sale and delivery of a stone crusher. Plaintiff says it purchased the crusher for $127,684.25 and that it was defective. Plaintiff is claiming damages on various theories totalling $1,400,663.87.

The suit was commenced by a writ of summons September 26, 1979. A complaint was filed January 9, 1980, and preliminary objections were filed February 11, 1980.

In response to the preliminary objections plaintiff filed an amended complaint February 25, 1980. On March 18, 1980 preliminary objections were filed to the amended complaint. Included in the second preliminary objections was an objection to allegations unchallenged in the original complaint and repeated without substantial change in the amended complaint.

Plaintiff has moved to strike that last described objection on the grounds that defendant has waived its right to object. The basis for this motion is the provision of Pa.R.C.P. 1028(b), which re-

quires all objections to be made at one time. Plaintiff says the objections were available when the first set of objections were filed. Since defendant chose not to assert them at that time, plaintiff claims waiver.

Plaintiff has further moved to strike a demurrer based upon the statute of limitations applying to personal injury cases. Defendant withdrew that objection at oral argument and we need not consider it.

Defendant's objections are all in the nature of a demurrer and will be discussed first. They raise a host of perplexing questions which involve provisions of the Uniform Commercial Code, 13 Pa.C.S.A. §1101 et seq., and of the Restatement, 2d, Torts, §402A.

The court's consideration of the issues raised has been an humbling experience. We want to commend both counsel for submitting outstanding briefs. At oral argument we were somewhat mesmerized by the flickering esoterica of the subject matter and asked for further briefs. Both counsel responded commendably. We ended up with considerable cases and discussions to read and consider. Both sides of the issue have support in well reasoned opinions.

The amended complaint makes abundantly clear that this suit arises out of a sale of a piece of equipment few would consider consumer goods. It further makes clear the fact that the parties are not insignificant figures on the economic landscape.

Plaintiff purchased what it called a primary rock crusher for use at its Charmian plant near Blue Ridge Summit, Pa. Despite its rocky future, it was installed, according to the pleading, with considerable expense. Woefully, the crusher did not crush or

at least did not crush in the style to which plaintiff would have had itself become accustomed. After this crushing failure, plaintiff said it notified defendant who unsuccessfully attempted repair. Another crusher was temporarily placed into service. Ultimately, the primary crusher was replaced. Plaintiff, at this time retains possession of the primary crusher and claims that its value, to plaintiff, is zero.

Defendant's first preliminary objection is to the Fifth Count of the amended complaint. In this Count, plaintiff has asserted a cause of action based upon Restatement, 2d, Torts §402A. That section provides that one who sells a product in a defective condition unreasonably dangerous to the user or consumer is liable under certain conditions "for physical harm" caused to the consumer or his property.

Defendant argues plaintiff cannot recover because plaintiff has not alleged any physical harm caused by the allegedly defective crusher.

As was said in Clark v. International Harvester Co., 99 Idaho 326, 333, 581 P. 2d 784, 791 (1978):

"The majority of jurisdictions which have considered the issue have not permitted the recovery of purely economic loss in a products liability action sounding in tort." (Citations omitted.)

The Idaho Supreme Court quoted Dean Prosser in summarizing the majority view as follows:

"'There can be no doubt that the seller's liability for negligence covers any kind of physical harm, including not only personal injuries, but also property damage to the defective chattel itself, as where an automobile is wrecked by reason of its own bad brakes, as well as damage to any other property in

the vicinity. But where there is no accident, and no physical damage, and the only loss is a pecuniary one, through loss of the value or use of the thing sold, or the cost of repairing it, the courts have adhered to the rule, to be encountered later, that purely economic interests are not entitled to protection against mere negligence, and so have denied the recovery.' W. Prosser, Handbook on the Law of Torts, §101 at 665 (4th ed. 1971)."

While the majority view has been applied in a lower court decision in Pennsylvania, Zimmerman v. Glessner 32 Somerset 74 (1976), there are no Pennsylvania Commonwealth, Superior or Supreme Court decisions on the issue. There are, however, several Federal decisions interpreting Pennsylvania law.

In Posttape Associates v. Eastman Kodak Co., 537 F. 2d 751 (3d Cir. 1976), a movie producer bought film from Kodak, shot a documentary and sent his film off for processing. The film was defective and the results were commercially unusable. In the meantime, another film on the same subject matter was released and proved to be a commercial success. Posttape Associates sued Kodak for commercial damages notwithstanding a limited warranty which provided that Kodak's sole liability was to replace the defective film. The Third Circuit Court of Appeals held that the Restatement of Torts was not available as a theory for recovery, pp. 755, 756:

"Typical of the controversy generated by this propinquity is the lively scholarly debate about the proper scope of §402A of the Restatement (Second) of Torts as opposed to the provisions of the Uniform Commercial Code. The superiority of §402A to compensate the average consumer for personal in-

jury or property damage from a defective product is commonly acknowledged. However, there is considerably less enthusiasm for its application in a commercial setting when the damages are consequential and arise from a non-dangerous impairment of quality of the product. In this context, even Chief Justice Traynor, an ardent advocate of §402A under other conditions, has favored the provisions of the Uniform Commercial Code. See Seely v. White Motor Co., 63 Cal. 2d 9, 45 Cal. Rptr. 17, 403 P. 2d 145 (1965). Accord, Titus, Restatement (Second) of Torts, Section 402A and the Uniform Commercial Code, 22 Stan.L.Rev. 713 (1970); Speidel, Products Liability, Economic Loss and the UCC, 40 Tenn.L.Rev. 309 (1973). A contrary view was espoused by the New Jersey Supreme Court in Santor v. A and M Karagheusian, Inc., 44 N.J. 52, 207 A. 2d 305 (1965). Pennsylvania has not yet made its position clear. See Kassab v. Central Soya, 432 Pa. 217, 246 A. 2d 848 (1968); Miller v. Preitz, 422 Pa. 383, 221 A. 2d 320 (1966). Murray, Pennsylvania Products Liability: A Clarification of the Search for a Clear and Understandable Rule, 33 U. Pitt.L.Rev. 391 (1972.)

"The Erie light is not always a bright one and at times we must tread in uncertainty. But having come to a fork in the road, we must make a choice, though the signs may be difficult to read. The Code is there to be seen and we think the Pennsylvania courts would turn toward it were they deciding the case sub judice.

"There seems to be no dispute that Pennsylvania law permits an agreement to restrict damages in circumstances such as those present here. Lacking an opinion of the Pennsylvania Supreme Court to the contrary, we believe that the legislative mandate of the Commercial Code, particularly §§2-719

and 1-201 (3), sets forth criteria for such an agreement whether the claim be in tort or contract." (Footnotes omitted.)

Posttape, supra, has, of course, been followed by the Federal courts in this circuit. See Plainwell Paper Co., Inc. v. Pram, Inc., 430 F. Supp. 1386 (W.D.Pa. 1977). However, plaintiff argues that it does not reflect the law in this jurisdiction and that this court should adopt the holding in Santor v. Karagheusian, supra.

The Santor case involved an individual who bought defective carpeting from a dealer who then went out of business. The purchaser, dissatisfied with the product, sought some kind of satisfaction. He expended considerable time and energy in pursuit of consumer justice. The carpet manufacturer refused to reward his efforts because of lack of privity of contract. He sued anyhow and appealed from an appellate division ruling that section 402A was not available for recovery of economic damages only.

The New Jersey Supreme Court reversed. One inclined to sympathize with plaintiff's struggles is tempted to vigorously applaud the decision. From one point of view, it would seem eminently reasonable that a person who manufactures defective merchandise should have to make the merchandise good. Standing solidly in the doorway of this house of thought, however, are questions of privity of contract and warranty. The New Jersey Court discussed the issues. "Such concept expressed in terms of breach of implied warranty of fitness or merchantability bespeaks a sui generis cause of action. Its character is hybrid, having its commencement in contract and its termination in tort." 44 N.J., at 64. This rationale was used to bridge the

gap between consumer plaintiff and manufacturer defendant.

However, mixing a little tort and a little contract to produce a hybrid (bastard?) might suggest a third form of action. Whatever name it might go by, it is obvious that the real basis for allowing the action is a declaration of public policy. The New Jersey Supreme Court announced it would not allow the lack of privity to defeat a consumer's right of action.

In fact, the basis for allowing any recovery under secton 402A rests upon public policy.

In Azzarello v. Black Bros. Co., Inc., 480 Pa. 547, 553, 556, 391 A. 2d 1020, 1023, 1025, (1978), the Pennsylvania Supreme Court said:

"The realities of our economic society as it exists today forces the conclusion that the risk of loss for injury resulting from defective products should be borne by the suppliers, principally because they are in a position to absorb the loss by distributing it as a cost of doing business.

". . .

"It must be understood that the words, 'unreasonably dangerous' have no independent significance and merely represent a label to be used where it is determined that the risk of loss should be placed upon the supplier."

Thus, persuasive argument may be made when section 402A offers the only available remedy. What then of public policy when privity exists and a well structured code defines both remedy and the measure of damages?

Do the policy considerations enunciated by Azzarello and Santor require that section 402A be available anyway? In Posttape, supra, there was a cause of action but damages were severely limited

because of limited warranties. Posttape suggests that parties can limit liability for negligence in Pennsylvania. In Santor and other New Jersey cases it is suggested that such releases would be void as against public policy. It is possible that a limited warranty would not qualify as a release, in any event, and persons relying on the provisions of the code would not be covered by it.

This court concludes that there are no policy considerations requiring the availability of section 402A in this case. The parties dealt with each other. The Uniform Commercial Code is fully applicable. The wording of section 402A is inapposite to this case. The opinion in Azzarello, supra, makes clear that the concept of an unreasonably dangerous condition is interwoven with the concept of safety. Posttape, supra, states that the concept of "unreasonably dangerous" is still viable in Pennsylvania. Perhaps its viability, as in this case, serves only to judicially screen the situations in which section 402A may be invoked. Courts control the application of the section by determining if the product is "safe for its intended use." Azzarello, 480 Pa. at 558, 391 A. 2d at 1026. If there is no suggestion that it is unsafe, section 402A will not be available.

The demurrer to the fifth count is sustained.

Defendant's next pertinent objection is twofold. It contends that plaintiff has not alleged a revocation of acceptance pursuant to 13 Pa.C.S.A. §2608 and has also pled the wrong measure of damages. Plaintiff responds that it is proceeding under 13 Pa.C.S.A. §§2714 and 2715, and not under the provisions governing revocation of acceptance and rescission: 13 Pa.C.S.A. §2608.

The court notes that the exhibits attached to the complaint contain provisions which pertain to non-

conforming goods accepted by the buyer. The complaint alleges that prompt notice was given of the nonconformity. It appears ·clear to this court that the amended complaint, therefore, comports with · the requirements of 13 Pa.C.S.A. §§2714, 2607, and 2715.

Section 2714(a) states that a buyer who has accepted goods and who has given notice within a reasonable time after discovering a breach of warranty under section 2607(c) is entitled to damages. These damages may include the difference between the value of the goods accepted and the value they would have had had they been as warranted: section 2714(b). In proper cases, incidental and consequential.damages may be awarded under sections 2714(c) and 2715.

The court is convinced, therefore, that defendant's demurrer has no basis in this regard. The court agrees that the amended complaint fails to aver damages in the correct manner. The complaint claims damages for the difference in purchase price and the value the crusher had to plaintiff (zero) because of its defects.

However, there is authority that the measure of damages is not subject to attack by a demurrer: 2 Goodrich-Amram 2d· §1017(b):11. We do. not believe that requiring plaintiff to replead to assert the formula set forth in the code will advance this case one whit or materially aid. defendant.· We will, therefore, overrule the demurrer as set forth in count III of the preliminary objections.

Defendant's last objection is also in the form of a demurrer. It also raises the impropriety of the measure of damages. The same·rationale applies to this demurrer as to the one disposed of above.

However, plaintiff has itself filed a preliminary

objection to this demurrer on the grounds that defendant has waived its rights to assert it. Under Pa.R.C.P. 1028(b) all preliminary objections must be raised at the same time. The demurrer is raised as to allegations which went unchallenged in the original complaint and which were unchanged in the amended complaint.

Defendant observes that authorities such as 2 Goodrich-Amram 2d § 1033:6 state that until the court rules on original preliminary objections there is but one single dilatory proceeding and Pa.R.C.P. 1028(b) does not prevent its adding a demurrer to count IV.

This court has declined to follow Goodrich-Amram in two prior decisions, neither of which involved a demurrer: Galloway v. World Mutual Health and Accident Insurance Company of Pennsylvania, 13 D. & C. 3d 617, 21 Adams 196 (1980); McDonnell v. Null, 15 D. & C. 3d 1, 22 Adams 17 (1980). We prefer, however, not to establish or follow a hard and fast rule in this area. If the objection is manifestly curable by repleading, and other objections are sustained requiring repleading, there would seem little reason not to rule upon an objection. If other objections are overruled, however, it would seem unjust to require plaintiff to replead to cure something it may have cured in the amended complaint had it been put on notice. In this case, we are not permitting repleading.

We therefore hold that defendant has waived its right to raise the objection at this time.

Therefore, the attached order will be entered.

## ORDER

And now, August 1, 1980, defendant's preliminary objections to the Fifth Count of the amended

complaint, the cause of action based upon section 402A of the Restatement, 2d, Torts, is sustained. All other objections are dismissed. Plaintiff's preliminary objections are sustained.

Defendant shall have 20 days from today to file an answer.