## Wentzler v. Stullair Company

*Charles A. Szybist,* for plaintiff.

*Gary T. Harris and Richard A. Gray,* for defendant.

*Richard H. Roesgen,* for additional defendant.

GREEVY, *P.J.,* February 3, 1981—Defendant Stullair Company has filed a complaint against addi-

tional defendant Fedders Corp. contending that Fedders Corp. is solely liable to plaintiff in this action or liable over to defendant for damages which occurred because of the allegedly defective condition of air conditioning equipment sold by Fedders Corp. to Stullair Co., who in turn sold it to plaintiff. The complaint by Stullair Co. against Fedders Corp. contains two counts, the first of which states a Restatement of Torts, section 402-A, strict liability cause of action, and to which additional defendant has demurred.

After consideration of the record, briefs and argument of counsel we deny additional defendant's preliminary objections in the nature of a demurrer.

## DISCUSSION

Additional defendant's sole argument in support of its demurrer to Count I of defendant's complaint is that plaintiff's claims for damages are solely for his "commercial losses" so that there is no injury to person, persons or property as a result of the alleged failure of the air conditioning equipment as would be required for recovery under a section 402-A strict-liability theory.

"Special Liability of Seller of Product for Physical Harm to User or Consumer:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

Examining the record we find that plaintiff claims as damages the injury done to the air conditioning equipment by its defective condition, i.e., the cost of replacing burnt-out rotors and of repairing the unit generally. While we find no Pennsylvania products-liability cases dealing specifically with a situation in which the user's or consumer's injured property is the defective good itself, we are mindful of the dictum in a case cited by defendant, Plainwell Paper Co., Inc. v. Pram, Inc., 430 F. Supp. 1386 (W.D., Pa. 1977), indicating that the grant of summary judgment would not have been proper if damages or destruction of the product as the result of its defective condition had been alleged or could be imputed from the complaint. Id. at 1397.

There are two rules respecting the entry of summary judgment on demurrer:

"1. The question to be decided is not whether the statement of his claim is clear in both form and specification as to entitle plaintiff to proceed to trial without amending it, but whether, upon the facts averred, it shows with certainty that the law will not permit a recovery by plaintiff.

"2. Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it." Goodrich Amram 2d, §1017(b)(11), p. 85.

Considering that plaintiff has alleged injury to his property resulting from the defective condition of a

product sold by additional defendant, that the case law indicates that the defective product can be the injured property for section 402-A purposes and that no cases hold otherwise, we find that the law does not show with certainty, upon the facts averred, that the law will not permit a recovery by plaintiff. Additional defendant's demurrer is therefore denied.

## ORDER

And now, this February 3, 1981, the preliminary objection of additional defendant Fedders Corporation to the complaint of defendant Stullair Company is denied. Additional defendant is ordered and directed to file an answer within 20 days.