**Glenn G. GANNON, Plaintiff,**

v.

**The NARRAGANSETT ELECTRIC COMPANY, New England Power Company, and New England Power Service Company, Defendants.**

**Civ. A. No. 90–0008L.**

United States District Court,
D. Rhode Island.

Nov. 6, 1991.

---

Raymond A. Marcaccio, Hanson, Curran, Parks & Whitman, Providence, R.I., for plaintiff.

Matthew F. Medeiros, Flanders & Medeiros, Inc., Providence, R.I., for defendants.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

### I. INTRODUCTION

This matter is before the Court on the defendants' motion for summary judgment. Plaintiff has alleged age discrimination in violation of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (1988). Resolution of this motion requires the Court to apply the Supreme Court's recommended framework for allocating burdens of production and persuasion in discrimination lawsuits, as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

Defendant New England Power Company ("NEP") is a wholesale electric generation and transmission company based in Westborough, Massachusetts. Defendant Narragansett Electric Company ("NEC") is NEP's Rhode Island retail affiliate. Defendant New England Power Service Company is NEP's financial subsidiary. Plaintiff Gannon was the manager of NEC's power plant in Providence, Rhode Island, until December 1, 1989, when he was transferred by NEP to a lower position at a power plant in Massachusetts. Gannon alleges that his demotion was the result of illegal age discrimination. Defendants contend that NEP demoted Gannon for poor job performance and insubordination.

A genuine dispute exists regarding the motives behind Gannon's demotion. For the reasons that follow, the defendants' motion is denied.

### II. DISCUSSION

The Supreme Court has summarized the *McDonnell Douglas* framework for litigating discrimination claims as follows:

First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Burdine*, 450 U.S. at 252–53, 101 S.Ct. at 1093 (quoting *McDonnell Douglas*, 411 U.S. 792, 93 S.Ct. 1817) (citation omitted). A plaintiff proves a prima facie case of age discrimination by showing that he was demoted or discharged when he was more than 40 years old, he had been doing his job well enough to rule out the possibility that he was demoted or fired for inadequate job performance, and he was replaced by a younger person. *Menard v. First Sec.*

*Serv. Corp.*, 848 F.2d 281, 285 (1st Cir. 1988) (citing *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1012, 1019 (1st Cir.1979)). Plaintiff has produced evidence supporting a prima facie case. Defendants dispute, however, that Gannon was doing his job well enough to rule out the possibility that he was demoted for inadequate job performance.

The *McDonnell Douglas* system for allocating burdens and presumptions offers a handy way to conceptualize the proof of a discrimination claim, but it does not mesh well with the actual practice of litigation and is a source of great confusion to trial judges who must give it practical effect, as, for example, in charging a jury. *See, e.g.,* *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1010 (1st Cir.1979). The First Circuit Court of Appeals has apparently not yet settled its own understanding of the proper application of this burden-shifting framework, as shown by the divergent opinions in *Connell v. Bank of Boston*, 924 F.2d 1169 (1st Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2828, 115 L.Ed.2d 997 (1991), and *Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5 (1st Cir.1990). This Court believes, moreover, that none of the First Circuit's attempts to bridle the *McDonnell Douglas* framework has produced satisfactory guidance for a trial judge confronting a summary judgment motion.

Analysis of the present dispute must begin, not with the *McDonnell Douglas* framework, but with Rule 56 of the Federal Rules of Civil Procedure. Rule 56(c) states:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

This Court cannot grant a motion for summary judgment if genuine issues of material fact exist. Any fact that could affect the outcome of the suit is material. *Ryan, Klimek, Ryan Partnership v. Royal Ins. Co. of Am.*, 728 F.Supp. 862, 866 (D.R.I.), *aff'd,* 916 F.2d 731 (1st Cir.1990). The

Court must view the record in the light most favorable to the party opposing the motion, indulging all inferences favorable to that party. *Id.* Summary judgment is not appropriate merely because the facts offered by the moving party seem most plausible, or because the opponent is unlikely to prevail at trial. 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure*, § 2725, at 104 (1983). If the evidence presented "is subject to conflicting interpretations, or reasonable men might differ as to its significance, summary judgment is improper." *Id.* at 106–09.

Judges must also resist the temptation to assess witnesses' credibility at the summary judgment stage. The advisory committee's note to Rule 56(e) clearly states: "Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." *See also Plainwell Paper Co. v. Pram, Inc.*, 430 F.Supp. 1386, 1387 (W.D.Pa.1977) (in resolving summary judgment motion, court must resolve all issues of credibility in favor of nonmovant).

The *McDonnell Douglas* framework, however, invites trial judges to weigh evidence and assess the credibility of witnesses at the summary judgment stage. After the plaintiff has set forth a prima facie case and the defendant has articulated a nondiscriminatory basis for its actions, "the plaintiff must then have an opportunity to *prove by a preponderance of the evidence* that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093 (emphasis added). At this point, the plaintiff's burden

> merges with the ultimate burden of persuading the court that she has been the victim of intentional discrimination. She may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.

*Id.* at 256, 101 S.Ct. at 1095. The Supreme Court suggests both a direct and an indirect way to prove intent to discriminate, both of which require judgments of credibility, weighing and balancing of evidence, and assessment of possible inferences.

█ When the law guarantees a plaintiff an opportunity to prove his case by a preponderance of the evidence, he must be allowed to present his case to a jury. The presiding judge determines whether a party has met his initial burden of production, *Dea v. Look,* 810 F.2d 12, 16 (1st Cir.1987), but the trier of fact determines whether a party has met his burden of persuasion. Since the trial judge may not consider credibility or weigh evidence at the summary judgment stage, the *McDonnell Douglas* framework should permit pretrial disposition of a case only if a party does not carry his initial burden of production. In this case, both parties have met their initial burdens of production.

█ If a plaintiff produces facts supporting a prima facie case under *McDonnell Douglas,* then the defendants cannot prevail on a directed verdict or summary judgment motion. This is true regardless of the strength or weakness of the plaintiff's evidence. A bare-bones prima facie case, even if supported by no other evidence, permits the trier of fact to infer discriminatory animus. *See Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094 ("the prima facie case 'raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors' "). Twenty proverbial bishops testifying for the defendants cannot conclusively rule out this inference. The defendants' articulation of a nondiscriminatory basis for their actions eliminates the presumption in favor of the plaintiff, thereby avoiding a directed verdict against the defendants, but it does not set the plaintiff back to zero. The plaintiff's proffered evidence does not disappear with the presumption. Instead, the parties have a genuine dispute over material facts.

█ The plaintiff always retains the ultimate burden of persuasion. But if the plaintiff has produced any evidence that permits an inference of discriminatory intent, then the trial judge cannot conclude that the plaintiff will not carry this burden. In this case, the plaintiff has produced evidence to support a prima facie case. The plaintiff was a member of the protected age group when he was demoted and replaced by a younger person. And the plaintiff has produced evidence that his superiors were satisfied with his work when he was demoted. *See* Plaintiff's Statement of Disputed Material Facts, pp. 1–3. This is enough evidence to defeat a summary judgment motion. The plaintiff does not have to prove his case to the judge before he may present it to the jury.

By the same token, if the defendants offer evidence of a nondiscriminatory reason for their actions, then the plaintiff cannot prevail on a motion for summary judgment. When the case reaches this point, the judge cannot resolve the dispute without evaluating evidence and inferences. Summary judgment is no longer possible for either side.

The Court is aware that this opinion conflicts with various First Circuit decisions. *See, e.g., Medina–Munoz,* 896 F.2d at 9, 10; *Dea,* 810 F.2d at 15–16. The Supreme Court's decision in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986), allows trial judges to disregard evidence that is not "significantly probative" at the summary judgment stage, thereby permitting summary judgment against an ADEA plaintiff who has set forth no more than a prima facie case. *See Medina–Munoz,* 896 F.2d at 9. With the Supreme Court's apparent acquiescence, district court judges are now evaluating evidence and credibility at the summary judgment stage. Judges have increasingly found this maneuver to be a convenient way to eliminate marginal discrimination cases from crowded court calendars, but it does violence to traditional summary judgment concepts.

This Court also wishes to avoid burdening its trial calendar with dubious cases that need not reach a jury, but this is not one of those cases. The standards for

granting summary judgment are clear: the Court must resolve all inferences and questions of credibility in favor of the nonmovant. The plaintiff has raised a genuine issue of material fact in this case, i.e., whether he was demoted because of his age. Summary judgment simply is not appropriate at this point in the litigation.

### III. CONCLUSION AND ORDER

Accordingly, the defendants' motion for summary judgment is hereby denied.

It is so ordered.