Samuel WILSON,

v.

George VOSE, et al.

C.A. No. 97–479T.

United States District Court, D. Rhode Island.

Jan. 7, 1999.

Samuel Wilson, Pro se.

Michael Grant, Pawtucket, RI, for Defendants.

*REPORT AND RECOMMENDATION*

HAGOPIAN, United States Magistrate Judge.

This is an action apparently brought pursuant to 42 U.S.C. § 1983. The plaintiff alleges deprivation of rights secured to him by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. The *pro se* plaintiff, Samuel Wilson, is incarcerated at the Adult Correctional Institutions (ACI), Cranston, Rhode Island. The plaintiff contends that he has been confined in punitive segregation for an excessive period of time. In addition, Wilson asserts that while in segregation his food was tampered with and that he was subjected to excessive physical force by ACI personnel. Presently before the court are two motions for summary judgment filed by plaintiff. The motions have been referred to me for review and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motions be denied. I have determined that no hearing is necessary.

Rule 56(c) of the Federal Rules of Civil Procedure specifies the standard applicable for ruling on a summary judgment motion:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Thus, in ruling on a summary judgment motion, the critical inquiry is whether a genuine issue of material fact exists. "Material facts are those 'that might affect the outcome of the suit under the governing law'." *Morrissey v. Boston Five Cents Sav. Bank,* 54 F.3d 27, 31 (1st Cir.1995) (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). "A dispute as to a material fact is genuine 'if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party'." *Id.* (quoting *Anderson, supra.*).

In determining whether summary judgment is appropriate, the court is required to view all of the evidence and inferences therefrom in the light most favorable to the nonmoving party. *Continental Cas. Co. v. Canadian Universal Ins. Co.,* 924 F.2d 370, 373 (1st Cir.1991). Grant of summary judgment "is not appropriate merely because the facts offered by the moving party seem the most plausible, or because the opponent is unlikely to prevail at trial." *Gannon v. Narragansett Elec. Co.,* 777 F.Supp. 167, 169 (D.R.I.1991). At the summary judgment stage, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his own ideas of probability and likelihood." *Greenburg v. Puerto Rico Maritime Shipping Auth.,* 835 F.2d 932, 936 (1st Cir.1987).

In their answers, defendants have denied all of the material allegations of plaintiff's amended complaint. In support of his motions for summary judgment, plaintiff has submitted affidavits that he executed on December 16, 1997, and March 9, 1998, respectively. Neither affidavit is sufficient to support entry of summary judgment in favor of plaintiff. Other than setting forth information concerning the length of plaintiff's segregation confinement, the March affidavit consists entirely of plaintiff's bald assertion that his food was tampered with on several occasions and his legal conclusions that his confinement and the alleged food tampering were violative of his constitutional rights. Similarly, the December 1997, affidavit merely sets forth plaintiff's belief that semen, urine and other foreign matter had been added to his food on certain occasions. Moreover, although the December affidavit includes factual allegations apparently intended to support plaintiff's claim that he was subjected to excessive force, the assertions, on their face, demonstrate the existence of a genuine issue of material fact on this issue.

Accordingly, for the above reasons, I recommend that both of plaintiff's motions for summary judgment be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to the report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).