HVR, INC. d/b/a Firehouse
Pizza, Plaintiff,

v.

The **CITY OF NEWPORT, RHODE IS-LAND,** a municipal corporation, Michael D. Mallinoff, in his capacity as City Manager of the City of Newport, and Frances Shocket, in her capacity as Finance Director of the City of Newport, Defendants.

No. CIV. A. 99–446L.

United States District Court,
D. Rhode Island.

May 11, 2001.

Thomas W. Kelly, Newport, RI, for plaintiff.

Anthony F. DeMarco, Boyer, Reynolds & DeMarco, Ltd., Providence, RI, for defendants.

### DECISION AND ORDER

LAGUEUX, District Judge.

This matter is before the Court on cross motions for summary judgment. Plaintiff HVR, Inc. ("HVR") is a Rhode Island corporation doing business as Firehouse Pizza, a restaurant located on Thames Street in Newport, Rhode Island. Plaintiff filed suit against the City of Newport ("City"), a municipal corporation organized under Rhode Island law, Michael D. Mallinoff ("Mallinoff"), the City Manager of the City of Newport, and Frances Shocket ("Shocket"), the Finance Director of the City of Newport, after the Newport City Council enacted an ordinance requiring holders of victualing licenses to pay a litter control fee.

Plaintiff's three-count complaint was originally filed in the Rhode Island Superior Court. However, defendants removed the case to this district court on the basis of federal question jurisdiction and supplemental jurisdiction. *See* 28 U.S.C. § 1441 (1994); 28 U.S.C. § 1331 (1994); 28 U.S.C. § 1367 (1994). Count Two, the sole federal claim in plaintiff's complaint, alleges that the litter control fee violates 42 U.S.C. § 1983. For the reasons that follow, this

Court concludes that the litter control fee does not violate 42 U.S.C. § 1983. Accordingly, the Court denies plaintiff's motion for summary judgment on Count Two and grants defendants' motion for summary judgment on Count Two. The Court declines to exercise supplemental jurisdiction over the remaining state law claims. Therefore, Counts One and Three are remanded to the Rhode Island Superior Court sitting in Newport County.

## I. Background

The facts of this case are not in dispute. Section 5–24–1 of the Rhode Island General Laws grants the authority to regulate "the keeping of taverns, victualing houses, cookshops, oyster houses, and oyster cellars in the town or city, by granting licenses for those activities" to the town council or city council of each town or city in Rhode Island. R.I. Gen. Laws § 5–24–1(a) (1999). A "victualing house" is defined in the statute as "a business where food is prepared and/or consumed on the premises." *Id.* at § 5–24–1(c). Pursuant to § 5–24–1, the City of Newport requires all victualing houses to obtain a victualing license. Firehouse Pizza is a restaurant, and food is prepared and consumed on the premises. Accordingly, HVR is a victualing license holder.

On August 12, 1998, the Newport City Council enacted Ordinance No. 98–36. The ordinance amended chapter 2.210.10 of the Codified Ordinances of the City of Newport, entitled "Fees for Permits and Licenses," by adding subsection 62. Subsection 62 established the following fee schedule:

Litter Control Fee:

| | |
|---|---|
| Class A Victualing License | $ 50.00 per year |
| Class B Victualing License | $100.00 per year |
| Carry-out Restaurant | $200.00 per year |
| Fast-food Restaurant | $250.00 per year |

Newport, R.I., Rev. Ordinances ch. 2.210.10, § 62 (1998).

HVR paid the litter control fee, but retained counsel to protest the imposition of the fee. On January 11, 1999, plaintiff's counsel sent a letter to the Mayor and the City Council Members of the City of Newport. The letter set forth plaintiff's position that the litter control fee violated state law, the United States Constitution, and the Rhode Island Constitution. The letter also requested that the City Council immediately repeal the ordinance imposing the fee.

Subsequently, the City Council deleted subsection 62 in its entirety. At the same time, the City Council deleted subsection 3 of chapter 2.210.10, entitled "Victualing License," in its entirety, replacing it with an amended version. Under the amended subsection 3, again entitled "Victualing License," holders of Class A and Class B victualing licenses must pay a litter control fee.[1] Holders of Class A victualing licenses must pay a fee in the amount of $50.00 per year, while holders of Class B victualing licenses must pay a fee in the amount of $100.00 per year. For both Class A and Class B victualing license holders, the fees are increased to $200.00 per year for carry-out restaurants and $250.00 per year for fast-food restaurants.[2] Newport, R.I., Rev. Ordinances ch. 2.120.010 § 3 (1999). Thus, the amended subsection 3 incorporates the litter control fee previously imposed by subsection 62.

Thereafter, HVR filed suit against the City, Mallinoff, and Shocket in Rhode Is-

---

1. The ordinance does not subject caterers, who must obtain Class C victualing licenses, to the additional litter control fee.

2. Although the ordinance carries a separate provision for carry-out confectioners, the fee is not increased over the $50.00 per year figure.

land Superior Court. Count One of the complaint seeks a declaratory judgment that the provisions of the ordinance relating to litter control are unlawful under state law, and also requests a permanent injunction preventing defendants from collecting the fee imposed by the ordinance. Count Two alleges a violation of 42 U.S.C. § 1983 based on a denial of equal protection and due process of law under the Fourteenth Amendment to the United States Constitution. Count Three of the complaint alleges a violation of the Rhode Island Constitution based on a denial of equal protection and due process of law.

On September 17, 1999, defendants removed the case to this Court. Subsequently, HVR filed a motion for summary judgment on all three counts. Defendants also filed a motion for summary judgment on all three counts, and the motions were set down for a hearing. This Court heard arguments from both parties on the cross motions for summary judgment and the matter was taken under advisement. The motions are now in order for decision.

## II. Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for ruling on summary judgment motions:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). Thus, the critical inquiry is whether a genuine issue of material fact exists. "Material facts are those 'that might affect the outcome of the suit under the governing law.'" *Morrissey v. Boston Five Cents Sav. Bank*, 54 F.3d 27, 31 (1st Cir.1995)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "A dispute as to a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.*

On a motion for summary judgment, the Court must view all evidence and related inferences in the light most favorable to the nonmoving party. *See Thomas v. Eastman Kodak*, 183 F.3d 38, 42 (1st Cir. 1999). "Summary judgment is not appropriate merely because the facts offered by the moving party seem more plausible, or because the opponent is unlikely to prevail at trial." *Gannon v. Narragansett Elec. Co.*, 777 F.Supp. 167, 169 (D.R.I.1991). Summary judgment is only available when there is no dispute as to any material fact and only questions of law remain. *See Blackie v. Maine*, 75 F.3d 716, 721 (1st Cir.1996)

The coincidence that both parties move simultaneously for summary judgment does not relax the standards under Rule 56. *See id.* Barring special circumstances, the Court must consider each motion separately, drawing inferences against each movant in turn. *See id.*

## III. Discussion

■ Count Two of plaintiff's complaint alleges a violation of 42 U.S.C. § 1983 (1994). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* It is well established that § 1983 does not create independent substantive rights, "but rather provides a cause of action by which individuals may seek money damages for governmental violations of rights protected by federal law." *Cruz–Erazo v. Rivera–Montañez*, 212 F.3d 617, 621 (1st Cir.2000)(citing *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)). Thus, to establish a cause of action under § 1983, a plaintiff must allege: (1) the violation of a right protected by the Constitution or laws of the United States, and (2) that the defendant was acting under color of state law. *See Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

In the present case, the parties do not dispute that the second requirement has been met. *See* Pl.'s Compl. ¶ 2; Defs.' Answer ¶ 2. Accordingly, the only issue before this Court is whether defendants have violated a right secured to HVR by the United State Constitution or by federal law. HVR's complaint makes a two-prong attack against the litter control fee. First, HVR claims that the litter control fee violates its Fourteenth Amendment right to substantive due process of law. Second, HVR claims that the litter control fee violates its Fourteenth Amendment right to equal protection under the law. This Court will address each contention in turn.

A.   Substantive Due Process

■ The First Circuit recognizes two theories under which a plaintiff may bring a substantive due process claim. The first theory requires a plaintiff to demonstrate a deprivation of a specific liberty or property interest protected by the Fourteenth Amendment. Under the second theory, a plaintiff does not need to prove the deprivation of an identified liberty or property interest, but must prove that the state's conduct "shocks the conscience." *See*

*Brown v. Hot, Sexy & Safer Productions, Inc.*, 68 F.3d 525, 531 (1st Cir.1995).

Plaintiff's substantive due process claim is based on the first theory. HVR alleges that the litter control fee unlawfully deprived HVR of its funds without due process of law. Specifically, HVR claims that its substantive due process rights were violated because: (1) the licensing fee violates state law, and (2) the amounts assessed under the ordinance are arbitrary, capricious, and unreasonable.

Assuming without deciding that the litter control fee violates state law, this Court concludes as a matter of law that the imposition of the litter control fee does not amount to a violation of HVR's right to substantive due process. The United States Supreme Court has stated that the "illegality [of the state action] under the state statute can neither add to nor subtract from its constitutional validity. Mere violation of a state statute does not infringe the federal Constitution." *Snowden v. Hughes*, 321 U.S. 1, 11, 64 S.Ct. 397, 88 L.Ed. 497 (1944).

■ The doctrine of substantive due process does not act as an impenetrable shield to guard against any violation of state law resulting in injury to property or the infringement of liberty. *See PFZ Props., Inc. v. Rodriguez*, 928 F.2d 28, 31 (1st Cir.1991). Under the case law in the First Circuit, a violation of state law presents a substantive due process claim only in "truly horrendous situations." *Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 45 (1st Cir.1992). Absent proof of "fundamental procedural irregularity, racial animus, or the like," *Creative Env'ts, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir.1982), or proof that the challenged state action is being used for purposes of oppression, shocks the conscience, or is legally irrational as it is not sufficiently keyed to legitimate state interests,

*see PFZ Props.,* 928 F.2d at 31–32 (citations omitted), the conduct of the state does not cross the constitutional threshold.

In the present case, HVR contends that the litter control fee violates state law for two reasons. First, plaintiff claims that the City's licensing authority under R.I. Gen. Laws § 5–24–1 does not encompass the authority to impose fees relating to litter control. Second, plaintiff claims that the litter control fee amounts to an unlawful tax. Viewing the evidence and all related inferences in the light most favorable to HVR, it is clear that HVR cannot establish a violation of § 1983 under the facts alleged. Plaintiff's arguments only raise questions of state law, and therefore, can be adequately addressed by the state courts. *See Chiplin Enters., Inc. v. City of Lebanon,* 712 F.2d 1524, 1527 (1st Cir. 1983). Neither argument provides a basis for the conclusion that the litter control fee infringes on a fundamental right, is being used for purposes of oppression, or shocks the conscience. Accordingly, even if HVR were to establish a violation of its rights, it would not be a violation of constitutional magnitude.

■ HVR also argues that the litter control fee is arbitrary, capricious, and unreasonable because there is no rational basis for "assigning to one small part of the business community in the City ... the costs of litter control." Pl.'s Compl. ¶ 18. Economic regulation challenged under the Due Process Clause is subject to rational basis review. *See Nat'l Educ. Assoc. v. Ret. Bd. of the Rhode Island Employees' Ret. Sys.,* 172 F.3d 22, 30–31 (1st Cir.1999)(citing *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 17, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976); *Hoffman v. City of Warwick,* 909 F.2d 608, 618 (1st Cir.1990)). Therefore, this Court must consider whether the fee violates plaintiff's right to substantive due process on the grounds that there is no rational basis for subjecting victualing license holders to the litter control fee.

■ At the hearing on the cross motions for summary judgment, HVR argued that the cause of litter in the City of Newport cannot be attributed solely to business establishments with victualing licenses, and therefore, the ordinance is not rationally related to stemming the problem of litter control. However, in the context of economic regulation, "the question is not whether the legislature has dealt perfectly with all possible problems but whether its choice in this instance was rational." *Nat'l Educ. Assoc.,* 172 F.3d at 31 (citing *Pension Benefit Guar. Corp. v. R.A. Gray & Co.,* 467 U.S. 717, 730, 104 S.Ct. 2709, 81 L.Ed.2d 601 (1984); *United States R.R. Ret. Bd. v. Fritz,* 449 U.S. 166, 176–77, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980); *Hoffman,* 909 F.2d at 618). Here, the City has determined that the retail food and beverage industry should bear an increased burden with respect to the collection of litter in the City of Newport. This Court cannot say that the City's choice is so arbitrary, capricious, or unreasonable that it does not bear a rational relationship to the regulation of victualing houses. Accordingly, the litter control fee does not violate HVR's right to substantive due process.

B. Equal Protection

■ Plaintiff also claims that the litter control fee violates the Equal Protection Clause. Although this claim alleges a different constitutional violation, the arguments advanced to support plaintiff's claim are familiar. First, HVR claims that the City exceeded its authority under R.I. Gen. Laws § 5–24–1 by including the licensing fee. Therefore, HVR argues that the ordinance violates the Equal Protection Clause because the litter control fee violates state law. Second, HVR claims

that the ordinance violates equal protection because the classification made by the City fails to meet the rational basis standard of review.

At the outset, this Court reiterates that the constitutional validity of state action cannot be determined merely by reference to whether or not the state action violated state law. Thus, HVR cannot establish a violation of equal protection merely by alleging that the litter control fee violates state law.

■ HVR also argues that the litter control fee violates the Equal Protection Clause because "[t]here is no rational basis ... for assigning to one small part of the business community in the City, i.e. the retail food and beverage industry, ... the costs of litter control." Pl.'s Compl. ¶ 18. Again, the standard of review applied to economic legislation under the Equal Protection Clause is very deferential. "Where a statutory scheme adopts a classification that neither burdens a suspect class nor impinges on a fundamental right, the classification will withstand an Equal Protection challenge if it is rationally related to a legitimate state purpose." *Hoffman*, 909 F.2d at 621–22 (citations omitted).

■ In examining the ordinance, this Court must satisfy itself that the classification in the ordinance is at least minimally rational. *See id.* at 622. Defendants contend that subjecting holders of victualing licenses to the litter control fee is rationally related to the City's interest in regulating victualing houses. This Court cannot say that the classification is so arbitrary or irrational that it fails to satisfy the rational basis standard. While the Court has no quarrel with plaintiff's contention that the retail food and beverage industry is not the sole cause of litter in the City of Newport, "the Equal Protection Clause does not require that a State must choose between attacking every aspect of a prob-

lem or not attacking the problem at all." *Dandridge v. Williams*, 397 U.S. 471, 486–87, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970)(citing *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911)); *Doe v. Gaughan*, 808 F.2d 871, 883 (1st Cir.1986). Accordingly, the Court concludes as a matter of law that the rational basis standard has been met, and therefore the ordinance does not violate the Equal Protection Clause.

### C. The State Law Claims

■ This Court declines to exercise jurisdiction over HVR's remaining state law claims. The Court could consider the state law claims only under the doctrine of supplemental jurisdiction. 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action ... that they form part of the same case or controversy." *Id.* This Court has the power to hear both state and federal claims if they would ordinarily be expected to be tried in one judicial proceeding. *See Penobscot Indian Nation v. Key Bank of Maine*, 112 F.3d 538, 563–64 (1st Cir.1997). In particular, "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). However, the exercise of supplemental jurisdiction is discretionary, and the district court should "take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir.1996).

The statute granting the district courts supplemental jurisdiction explicitly states that this Court may decline to exercise its discretion if it has dismissed all claims

over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c); *Penobscot*, 112 F.3d at 564. The United States Supreme Court has stated that when all federal law claims are eliminated from the case before trial, in the usual case the balance of factors to be considered should lead the court to conclude that the "state claims should be dismissed as well." *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130.

In the present case, no federal claims remain, leaving only questions of law arising under state law and the Rhode Island Constitution. Under these circumstances, this Court declines the opportunity to interpret state law in a matter devoid of any federal interest. Accordingly, the Court will not exercise jurisdiction over the state law claims.

IV.  Conclusion

For the preceding reasons, plaintiff's motion for summary judgment on Count Two is denied and defendants' motion for summary judgment on Count Two is granted. Judgment as to Count Two will be entered in favor of all defendants. The Court declines to exercise supplemental jurisdiction on the remaining counts in the complaint. Therefore, Counts One and Three are remanded to the Rhode Island Superior Court in Newport County. The Clerk shall enter judgment on Count Two in favor of defendants and remand the case to the state court.

It is so ordered.